**Alice M. FITZGERALD, Appellant,**

v.

**Lorenzo C. FITZGERALD, Appellee.**

No. 87–1259.

District of Columbia Court of Appeals.

March 7, 1990.

Before ROGERS, Chief Judge and NEWMAN, FERREN, BELSON, TERRY, STEADMAN, SCHWELB * and FARRELL, Associate Judges.

### ORDER

PER CURIAM.

On consideration of appellee's petition for rehearing en banc, the opposition thereto, the motion of the District of Columbia to file brief as amicus curiae, the lodged brief, the motion of the Women's Legal Defense Fund, et al., to file brief in excess of page limitation, and the lodged brief; and it appearing that no judge of this court has called for a vote on the petition for rehearing en banc, it is

ORDERED that the motions to file brief are granted and the Clerk is directed to file the lodged brief of the District of Columbia as amicus curiae and the lodged brief of the Women's Legal Defense Fund, et al. It is

FURTHER ORDERED that the petition for rehearing en banc is denied.

Statement per Associate Judge FERREN, with whom Associate Judges BELSON, STEADMAN and FARRELL join, stating reasons for not calling for a vote to rehear the case en banc:

Ordinarily, in a case such as this concerning the rule-making authority of the Superior Court—not to mention the significance of a new system of rigid child support

---

* Associate Judge Schwelb has recused himself from this case.
* The disposition in this case was originally issued as Memorandum Opinion and Judgment on

guidelines—I would call for a vote to go en banc. This case, surely, "involved a question of exceptional importance." D.C. App.R. 40.

Nonetheless, given the fact that the Council of the District of Columbia has acted to resolve the difficulties created by the decision of a division of this court invalidating the guidelines, I see no purpose in having the full court revisit that decision. Any issue attributable to Council action, including the impact of that action on existing support orders, can be resolved more appropriately in a separate proceeding.

In declining to pursue en banc reconsideration, Judges BELSON and FARRELL and I express no opinion about the division's decision in this case. Judge STEADMAN adheres to the views expressed in his dissent at division.